IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-02099-WYD-MEH

KARA HUGHES,

     Plaintiff,

v.

TITAN TECHNOLOGY PARTNERS, LIMITED,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Kara Hughes and Defendant TITAN Technology Partners, Limited, (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain information contained in documents and computer information produced pursuant to the terms of this Protective Order.  Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

     1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, computer information and other information disclosed pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a) and includes all information on the images of the subject laptops as described in Paragraphs 15 and 16, *infra*.

3.      Production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production. No such notice is required for the production set forth in Paragraphs 15 and 16, and Plaintiff agrees not to examine, use, or make any arguments related to any privileged documents produced under Paragraphs 15 and 16.  Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all.  Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to comply with the requirements of paragraph 14 as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected.  The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502.  Any inadvertent

2

disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

4. Except as set forth in Paragraphs 15 and 16, prior to designating any information as "CONFIDENTIAL," the designating party's attorney shall review the information and shall only so designate if he or she has a good faith belief that it is confidential or otherwise entitled to protection. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff, Defendant, or any director, officer, or employee of either Party and/or information contained in confidential business records, personnel records, documents, materials, and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys who are actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c)     the parties to this lawsuit and the officers, directors, and employees of the parties;

= "FIRST PAGE ONLY" = 1

(d)     expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(e)     the Court in this case and its employees ("Court Personnel");

(f)     stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this case;

(g)     persons whose depositions are taken for use in this case; and

(h)     other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and videographers), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Except as set forth in Paragraphs 15 and 16, documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this

4

Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      The inadvertent or mistaken disclosure of CONFIDENTIAL information does not waive any party's or nonparty's claim of confidentiality. Any party or nonparty who inadvertently or mistakenly produces CONFIDENTIAL information without an appropriate designation of confidentiality shall promptly notify the party or parties receiving the CONFIDENTIAL information when inadvertent production is discovered.  Upon receiving written notice that material has been inadvertently or mistakenly produced without an appropriate designation of confidentiality, the party or parties receiving the CONFIDENTIAL information will immediately begin treating the material as CONFIDENTIAL information under this Order and either mark the material per the producing or disclosing party's instructions or return the CONFIDENTIAL information to the producing or disclosing party for marking.

10.      A party may object to the designation of particular CONFIDENTIAL information, except as stated in Paragraphs 15 and 16, and such objection shall occur by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10)

business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     A party's right to use any CONFIDENTIAL information at a hearing, trial, or other proceeding in this action shall be determined by the presiding Judge.  The designation of material as CONFIDENTIAL information shall not otherwise affect the Court's determination as to whether it shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

12.     Any person subject to this Order who receives a request or subpoena for production or disclosure of CONFIDENTIAL information shall, within three business days of receipt of the request or subpoena, give written or facsimile notice to the party or non-party who originally produced or disclosed the CONFIDENTIAL information, identifying the information sought and enclosing a copy of the subpoena or request.  The person subject to the subpoena

or other request shall not produce or disclose the requested CONFIDENTIAL

information without consent of the producing or designating party or nonparty

until ordered to do so by a court of competent jurisdiction.  Nothing in the Order

shall be construed as prohibiting production of CONFIDENTIAL information

covered by this Order in response to a lawful Court order.

13.     All CONFIDENTIAL information and all briefs, memoranda,

affidavits, transcripts, exhibits, and other papers containing notes or summaries of

CONFIDENTIAL information may be submitted to the Court only under seal in

accordance with D.C.COLO.LCivR 7.3.  The Clerk of Court is hereby directed to

place and maintain under seal any documents filed or delivered to the Court

pursuant to this paragraph.

14.     Except as provided in Paragraphs 15 and 16, at the conclusion of

this case, unless other arrangements are agreed upon, each document and all

copies thereof which have been designated as CONFIDENTIAL shall be returned

to the party that designated it CONFIDENTIAL within forty-five (45) days of

conclusion of the action, or the parties may elect to destroy CONFIDENTIAL

documents; provided, however, that counsel for each party may retain one copy of

the CONFIDENTIAL documents for the sole purpose of maintaining a complete

file, and all such retained documents will not be released, disclosed, or utilized

except upon express permission of this Court after written notice to counsel for

the party that produced the documents.  Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all parties with

an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

15.     Pursuant to the Court's order at the hearing on June 30, 2009, Defendant will provide Plaintiff an image of the laptop used by Plaintiff while she was employed with Defendant.  All information (other than any potential e-mails from Elizabeth Schriefer to Kara Hughes dated January 23, 2008) are automatically designated CONFIDENTIAL on that laptop image.  Plaintiff and her representatives, only through her expert Robert Kelso, will only search for the alleged e-mail from Elizabeth Schriefer to Kara Hughes dated January 23, 2008, and will not look at or examine the contents of any other information on the image of the lap top.  In conducting this search, Mr. Kelso may examine any e-mails from Ms. Schriefer to Ms. Hughes from January 19 to January 27, 2008, in order to attempt to find the January 23, 2008 e-mail referenced in Plaintiff's Complaint.  Plaintiff will complete this search within two weeks of the date of delivery of the image of the laptop, and return the image to Defendant within such time period.  Plaintiff will not make any copies or retain any information from the image with the exception of any e-mails from Elizabeth Schriefer to Kara Hughes dated January 23, 2008, if such exists.

16.     Pursuant to the Court's order at the hearing on June 30, 2009, Defendant will provide Plaintiff an image of the laptop used by Elizabeth Schriefer in her employment at Defendant.  All information (other than any potential e-mails from Elizabeth Schriefer to Kara Hughes dated January 23,

8

2008) are automatically designated CONFIDENTIAL on that laptop image. Plaintiff and her representatives, only through her expert Robert Kelso, will only search for the alleged e-mail from Elizabeth Schriefer to Kara Hughes dated January 23, 2008, and will not look at or examine the contents of any other information on the image of the laptop.  In conducting this search, Mr. Kelso may examine any e-mails from Ms. Schriefer to Ms. Hughes from January 19 to January 27, 2008, in order to attempt to find the January 23, 2008 e-mail referenced in Plaintiff's Complaint.  This laptop image contains not only confidential information, but also contains attorney-client privileged information involving this very case.  Accordingly, counsel for Defendant and a technical representative will be physically present during any searches conducted by Mr. Kelso to be certain that no attorney-client privileged information is revealed.  The parties will work together to determine a mutually agreeable time for Mr. Kelso to search this image with counsel for Defendant and a technical representative present.  Counsel for defendant will physically bring this image to the meeting where Mr. Kelso will conduct the search and will return with it after the meeting. Plaintiff will not make any copies or retain any information from the image with the exception of any e-mails from Elizabeth Schriefer to Kara Hughes dated January 23, 2008, if such exists.

17.     The terms of Paragraph 15 and 16, to the extent that they directly conflict with any other terms of the protective order, shall override any other terms of the protective order.

= "FIRST PAGE ONLY"  = 1

18.     This Order shall survive the termination of this action.  This
Protective Order may be modified by the Court at any time for good cause shown
following notice to all parties and an opportunity for them to be heard.


Dated at Denver, Colorado, this 9th day of July, 2009:

s/ Michael E. Hegarty

_____
Michael E. Hegarty
United States Magistrate Judge

Stipulated and approved this 8th day of July, 2009:

s/ Tatiana Taylor                                      s/ Jordan Lipp
Tatiana Taylor, Esq.                                   Jordan Lipp
Taylor Law Firm                                        DAVIS GRAHAM & STUBBS LLP
1612 Pennsylvania St.                                  1550 Seventeenth Street, Suite 500
Denver, CO 80202                                       Denver, CO  80202
Telephone (303) 275-3476                               Telephone: (303) 892-9400
E-Mail:  Tatiana@TaylorLawFirmLLC.com                  Facsimile: (303) 893-1379
                                                       E-Mail: Jordan.Lipp@dgslaw.com

                                                       -and-

s/  Elwyn F. Schaefer                                  Thomas G. Hooper
Elwyn F. Schaefer, Esq.                                NELSON MULLINS RILEY &
Elwyn F. Schaefer, P.C.                                SCARBOROUGH LLP
1801 Broadway, Suite 550                               Bank of America Corporate Center, 42nd Floor
Denver, CO 80202                                       100 North Tryon Street
Telephone (303) 825-1961                               Charlotte, NC 28202-4007
Facsimile (303) 825-5460                               Telephone: (704) 417-3000
E-Mail: Elwyn.Schaefer@qwestoffice.net                 Facsimile: (704) 377-4814

ATTORNEYS FOR PLAINTIFF                                ATTORNEYS FOR DEFENDANT
KARA HUGHES                                            TITAN TECHNOLOGY PARTNERS, LIMITED

= "FIRST PAGE ONLY"  = 1